UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Binyam Gebreslassie,<br><br>                Plaintiff,<br>v.<br><br>Lyngblomsten; Lyngblomsten Care Center, Inc.; and Lyngblomsten Foundation,<br><br>                Defendants. | Civil No. 05-326 (DWF/JSM)<br><br>**AMENDED MEMORANDUM OPINION AND ORDER** |

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, counsel for Plaintiff.

Paul J. Zech, Esq., H. Le Phan, Esq., and Robert L. Bach, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendants.

---

On January 24, 2007, the Court docketed a Memorandum Opinion and Order pertaining to a Motion for Review of Cost Judgment. *See* Doc. No. 69. The Order portion of that Memorandum Opinion and Order mischaracterized the motion as Defendants' motion, while, in fact, it was Plaintiff's Motion for Review of Cost Judgment, and mischaracterized the request to affirm the Court Administrator's Cost Judgment as Plaintiff's request, while, in fact, it was Defendants' request to affirm the Court Administrator's Cost Judgment. Therefore, the Court now vacates the Order contained in Doc. No. 69 and enters the following Amended Order, which is exactly the same as Doc. No. 69 except that the proper moving parties have been duly noted.

This matter is before the Court on Plaintiff's Motion for Review of Cost Judgment and Defendants' request to affirm the Court Administrator's Cost Judgment.  The Court has reviewed the Cost Judgment and the parties' submissions.  For the reasons set forth below, Defendants' request to affirm is granted.

In his Motion, Plaintiff Binyam Gebreslassie requested that the Court exercise its discretion by ordering that each party to this litigation bear its own costs, thereby denying the Cost Judgment entered by the Court against Plaintiff and in favor of Defendants. Plaintiff asserts that he is indigent and cannot afford to pay the costs now or at any time in the foreseeable future.  Plaintiff has submitted an affidavit testifying to his part-time employment status and his various financial obligations, including child support, a repossessed car, and other living expenses.

Defendants contend that Plaintiff's request for a waiver of costs should be denied because his objection rests on the belief that he must satisfy the judgment now, but fails to recognize that the judgment is valid for a minimum of seven years, during which time Plaintiff's financial circumstances could change drastically.  Furthermore, Defendants contend that Plaintiff has offered no justification for his decision to elect part-time, rather than full-time, employment in his field.

Fed. R. Civ. P. 54(d) provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .."  A strong presumption exists that the prevailing party will recover costs, but the ultimate decision whether to award costs rests in the discretion of the District Court. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997).

Here, the Court finds that the award of costs in favor of Defendants was appropriate. As noted by Defendants, although Plaintiff has described his rather dire financial situation, Plaintiff fails to recognize that his financial circumstances could change in the time during which the judgment is valid. Moreover, Plaintiff's financial hardship is exacerbated by the fact that he has chosen to work part-time, despite these financial hardships. Plaintiff has provided no explanation for his decision to take a part-time position rather than seeking full-time employment.

Accordingly, the Court affirms the award of costs in favor of Defendants.

## ORDER

1. Plaintiff's Motion for Review of Cost Judgment (Doc. No. 59) is **GRANTED.**

2. Defendants' request to affirm the Court Administrator's Cost Judgment (Doc. No. 58) is **GRANTED**.

3. Plaintiff's Motion to Strike (Doc. No. 68) is **DENIED**.


Dated: January 25, 2007              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court